RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/9/06
BY DM

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

CLODALE CARTER

versus

WEYERHAEUSER CO., ET AL.

CIVIL ACTION NO. 04-0862
JUDGE TOM STAGG

## MEMORANDUM RULING[1]

Before the court are briefs on the merits, a joint stipulation and the administrative record in the above-captioned case. The parties have agreed to submit the record for a decision on the merits. For the reasons set forth below, all claims made by Clodale Carter against Weyerhaeuser Company ("Weyerhaeuser") are dismissed.

## I. BACKGROUND

Luegene Carter ("Mr. Carter") was an hourly employee of Willamette Industries ("Willamette") at its plant located in Zwolle, Louisiana. After June 10, 2002, he ceased working at the plant due to disability and never again returned to

---

[1] This opinion is not intended for commercial print or electronic publication.

work at the plant. He did, however, remain an employee of Willamette. Thereafter, in late 2002, Willamette was acquired by Weyerhaeuser. As a result of the acquisition, employees of Willamette became employees of Weyerhaeuser.

The Weyerhaeuser Group Life Insurance Plan ("the Plan") provided that hourly employees were eligible for basic and supplemental life insurance coverage if they were "regular, full-time, hourly employees." Record Document 25 at 51. The Plan also contained an Active Work Rule, which stated:

> If you happen to be ill and injured and away from work on the date your coverage would take effect, the coverage will not take effect until you return to full-time work for one full day. This rule also applies to an increase in your coverage.

Id. at 53. The Plan further provided that:

> Your Supplemental (Voluntary Group) Life insurance amount (and its cost to you) will automatically increase on the same day that your Basic Life coverage increases. If you are not an active employee on that day, it will increase on the day that you return to active work.

Id. at 56.

On October 14, 2002, Mr. Carter, while still out on disability leave, completed a benefits enrollment worksheet, wherein he sought supplemental life insurance coverage of $120,000 under the terms of the Weyerhaeuser Employee Benefit Plan. See Record Document 25 at Ex. J. Mr. Carter died on March 6,

2

2003, having never returned to work from his disability leave.

Following Mr. Carter's death, his named beneficiary and the plaintiff in this case, Clodale Carter ("Mrs. Carter"), received life insurance benefits totaling $19,000.00 from Aetna Life Insurance Company ("Aetna"), representing $17,000.00 in basic life insurance benefits and $2,000.00 in supplemental life insurance benefits. Relying on Mr. Carter's October 14, 2002, request, Mrs. Carter sought payment of life insurance benefits from Weyerhaeuser and Aetna in the amount of $30,000.00 for basic life insurance coverage and $120,000.00 for supplemental life insurance coverage. Weyerhaeuser and Aetna denied her request. Mrs. Carter appealed the denial of benefits to the Weyerhaeuser Employee Benefits Appeal Committee. By letter dated April 5, 2005, the committee denied Mrs. Carter's appeal for the following reasons:

> The Employee Benefits Appeals Committee has reviewed your appeal requesting reconsideration of death benefits for Luegene Carter payable to Clodale Carter in the amount of $30,000.00 for Basic Life and $120,000.00 for Voluntary Group Life Insurance. While the Committee greatly sympathizes with Ms. Carter's situation, the appeal has been denied. The Committee finds Aetna Life Insurance Company's payment in the amount of $17,000 for term life and $2,000 for supplemental life to be the benefit amount Clodale Carter was entitled to at the time of her husband's death. The death benefit paid represents the Willamette Life Insurance benefit that Clodale Carter's husband had enrolled in while employed by Willamette

prior to his disability leave of absence, and was currently enrolled in at the time of his death.

While Weyerhaeuser mistakenly allowed Luegene Carter to participate in 2003 Open Enrollment and enroll for Voluntary Group Life, the Basic and Voluntary Group Life Plans both have a very clear "Active Work Rule" that states that if you are ill or injured and away from work on the date your coverage would take effect, the coverage will not take effect until you return to full-time work for at least one full day. Our records indicate that Mr. Carter's last day worked with Willamette Industries was June 10, 2002 and he did not return to work after this date. The Attending Physician Statement (Exhibit K of your appeal) completed by Mr. Carter's physician states that no return to work was expected.

The Committee acknowledges that Weyerhaeuser deducted premiums on the employee's last paycheck. However, a review of the deduction taken indicates the deducted amount was based on a default $10,000.00 amount and not the newly elected coverage of $120,000 elected by Luegene Carter nor the full premium amount due for the Willamette life insurance benefit.

Given this, it is the decision of the Committee that no additional life insurance benefits are due to Ms. Carter. Under the appeals procedures, the Committee's decision is final. We regret that this decision could not be more favorable.

Record Document 25 at 1.

Mrs. Carter seeks a declaration from this court that she is entitled to the additional benefits.

4

## II. ANALYSIS

### A. Standard Of Review.

The Employee Retirement Income Security Act ("ERISA") provides district courts with the authority to review a plan administrator's denial of plan benefits. See 29 U.S.C. § 1132(a)(1)(B). The district court reviews a plan administrator's factual determinations for an abuse of discretion when it has denied benefits under a plan. See Vercher v. Alexander & Alexander Inc., 379 F.3d 222, 226 (5th Cir. 2004) (citation omitted). In applying the abuse of discretion standard, this court analyzes whether the plan administrator acted arbitrarily or capriciously. See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822, 829 (5th Cir. 1996). A plan administrator's decision is deemed arbitrary if it is made "without a rational connection between the known facts and the decision or between the found facts and the evidence." Lain v. Unum Life Ins. Co. of Am., 279 F.3d 337, 342 (5th Cir. 2002) (quotation and citation omitted). An administrator's decision must be based on evidence, even if disputable, that clearly supports the basis for denial. See Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 299 (5th Cir. 1999). This court, in reviewing the plan administrator's decision, can only consider the evidence that was before the plan administrator. See id.

In Wildbur v. ARCO Chem. Co., 974 F.2d 631, 637 (5th Cir. 1992), the Fifth Circuit described a two-step process wherein a court would first determine whether the administrator gave the plan a legally correct interpretation and, if not, whether the administrator's decision was an abuse of discretion. However, the Fifth Circuit has gone further to make clear that this two-step analysis is not applicable in every case. See Duhon v. Texaco, Inc., 15 F.3d 1302, 1307 n. 3 (5th Cir. 1994). For example, if the administrator's interpretation and application of the Plan is legally correct, then the inquiry ends because obviously no abuse of discretion has occurred. See Spacek v. Maritime Ass'n, 134 F.3d 283, 292 (5th Cir. 1998).

**B.  Analysis Of The Merits Of Mrs. Carter's Claim For Benefits.**

Mrs. Carter contends that in denying her claim for $30,000 of basic life insurance coverage and $120,000 in supplemental life insurance coverage, the plan administrator abused its discretion in its interpretation of the Plan and in its factual determinations. Notably, however, Mrs. Carter fails to point the court to any specific Plan provision that was misinterpreted or any particular factual determination that was erroneous, other than the ultimate conclusion that she was not entitled to the additional benefits she now seeks.

"Any review of an ERISA benefit determination must begin with the relevant plan language." Aboul-Fetouh v. Employee Benefits Comm., 245 F.3d 465, 468

(5th Cir. 2001). Thus, this court will evaluate the terms of the Plan as they relate to Mr. Carter and then will evaluate the relationship between Weyerhaeuser and Mr. Carter under the Plan.

The Plan indicates that Mr. Carter failed to meet the eligibility requirements for the increased benefits because he was not actively at work when he attempted to increase his benefits. The Weyerhaeuser Plan provides that a person is eligible for life insurance benefits if that person is "a regular, full-time hourly employee of Weyerhaeuser Company Zwolle Sawmill Division." Record Document 25 at 51. The Plan goes on to state that coverage takes effect on "your Eligibility Date, assuming you are actively at work." Id. at 53. The "Eligibility Date" was January 1, 2003, the effective date of the Plan. Id. at 51.

Mr. Carter's entitlement to benefits thus turns on whether he was actively at work on January 1, 2003, or sometime thereafter. The Plan defines active work as follows:

> *Active Work Rule*: If you happen to be ill or injured and away from work on the date your coverage would take effect, the coverage will not take effect until you return to full-time work for one full day. This rule also applies to an increase in your coverage.

Record Document 25 at 53. Mr. Carter was on disability and not attending work on January 1, 2003, or anytime thereafter. Thus, under the terms of the Plan, he was

not "actively at work" on that date or any date following. Accordingly, his increased benefits never became effective under the Plan unless the Plan includes some exception to the active work requirement applicable to Mr. Carter.

The Plan does provide for the possibility that a person on disability could ultimately be eligible for coverage by returning to full-time work for one full day. However, Mr. Carter never returned to full-time work after June 10, 2002, as the parties have stipulated. Accordingly, Mr. Carter never met any of the Plan's eligibility requirements for life insurance benefits.

Mrs. Carter attempts to convince the court that the Weyerhaeuser Plan provided for automatic enrollment for life insurance benefits. Although this argument is true, it is unavailing to Mrs. Carter. The Plan states that "[w]hen you become eligible, Weyerhaeuser Company will automatically enroll you for Basic Life Insurance." Record Document 25 at 53. Importantly, the Plan further provides that "[i]f you elect Supplemental Life Insurance, you will be required to enroll in a manner determined by your Employer." Id. Critically, the Plan goes on to state that the coverage will take effect on the employee's eligibility date, "assuming [the employee] [is] actively at work." Id.

Mrs. Carter next attempts to persuade the court that the proof of death certificate shows that Mr. Carter last worked on January 28, 2003. However, Mrs.

Carter fails to counter the stipulation provided by the parties that Mr. Carter's last day of *active* work was June 10, 2002. Simply stated, Mrs. Carter's arguments are not supported by the clear language of the Plan. In truth, Mrs. Carter has *not* contended that there have been any particular incorrect factual determinations or any incorrect legal interpretations of the Plan's terms by the plan administrator other than the mere denial of benefits sought.[2] Mrs. Carter's claim was denied because Mr. Carter was not eligible for the benefits he sought and he did not pay the premiums for such benefits.

Because this court finds that Mr. Carter's election to increase his benefits during the enrollment period never became effective under the terms of the Plan, Weyerhaeuser's decision denying those benefits is legally correct and does not constitute an abuse of discretion. See Spacek v. Maritime Ass'n, 134 F.3d 283, 292 (5th Cir. 1998). In sum, there is more than adequate support contained in the administrative record to support a denial of benefits in this case. Accordingly, Mrs.

---

[2] Mrs. Carter also attempts to persuade the court that Mr. Carter was an employee of Weyerhaeuser and, thus, he was automatically entitled to the additional benefits. Although Mr. Carter's status as an employee of Weyerhaeuser is a prerequisite for eligibility for benefits, it is not dispositive of the issue before the court.

Carter's claim for benefits is dismissed with prejudice.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this 9th day of June, 2006.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　JUDGE TOM STAGG